

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-MI-609

## Timothy J. Brown,

*Appellant-Petitioner,*



FILED

Oct 21 2020, 1:39 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

—v—

## Indiana Department of Environmental Management,

*Appellee-Respondent.*

Decided: October 21, 2020

Appeal from the Marion Superior Court
No. 49D02-1810-MI-41395
The Honorable Timothy W. Oakes, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-MI-2051

**Per Curiam Opinion**

Chief Justice Rush and Justices David, Massa, Slaughter, and Goff concur.

**Per Curiam.**

Timothy Brown appealed his termination from the Indiana Department of Environmental Management (IDEM) to the State Employees' Appeals Commission (SEAC), claiming that he was a protected whistleblower under Indiana Code section 4-15-10-4. Initially, SEAC dismissed Brown's complaint. It found that the emails Brown sent to his supervisor were not reports and that he failed to show that his alleged protected activity was related to his termination.

The Marion Superior Court granted judicial review and reversed the dismissal, concluding that Brown's emails constituted reports and that SEAC erred by dismissing the case without considering the emails' content. On remand, SEAC granted summary judgment in favor of IDEM. SEAC determined that the allegations in Brown's emails did not amount to a violation of law. Additionally, it found Brown was terminated for failing to properly verify equipment calibration and reporting invalid data as valid.

Brown again sought judicial review. IDEM opposed Brown's petition, and in his reply, Brown claimed that most of IDEM's arguments were barred by the law-of-the-case doctrine. The trial court denied Brown's petition for judicial review and, among other conclusions, decided, "Because SEAC's summary judgment order addresses a different legal issue and different evidence, the law-of-the-case doctrine does not apply here." Appellant's App. Vol. II, p. 12.

On Brown's appeal, the Court of Appeals affirmed the judgment of the trial court. It agreed that the law-of-the-case doctrine does not apply here because "the standards of review for judgment on the pleadings and summary judgment are different" and "additional evidence was considered by the SEAC, including Brown's emails, on remand." *Brown v. Indiana Dep't of Envtl. Mgmt.*, 149 N.E.3d 658, 668–69 (Ind. Ct. App. 2020). But the Court of Appeals went further and found that the law-of-the-case doctrine "is applicable only when an *appellate* court determines a legal issue, not a trial court." *Id*. at 668 (emphasis in original). The Court of Appeals need not have reached so broad a conclusion to resolve the issue. Accordingly, we grant transfer, vacate that portion of the Court of

Appeals opinion, and affirm the trial court's conclusion that the law-of-the-case doctrine does not apply in this case's specific circumstances. In all other respects, we summarily affirm the Court of Appeals opinion.

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Adam Lenkowsky
Roberts Litigation Group
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Section Chief, Civil Appeals

Monika Prekopa Talbot
Frances Barrow
Deputy Attorneys General
Indianapolis, Indiana